The Honorable Jack Critcher State Senator P.O. Box 79 Grubbs, Arkansas 72431-0079
Dear Senator Critcher:
This is in response to your request for an opinion on whether an education service cooperative may legally secure a long-term loan from the Farmers' Home Administration ("FHA") to construct a building. Specifically, you indicate that the "school districts within the cooperative's region have agreed to levy an assessment on themselves to help pay off the loan." You ask whether "[u]nder the above facts, under Arkansas law, it is permissible for this Cooperative to secure a long-term loan from the FHA to construct a building with the local school districts levying local assessments for the purpose of paying off the loan." You also inquire, if this is permissible, "what would be the maximum allowed time for repayment of the loan."
RESPONSE
You have not outlined exactly what is meant by the participating school districts "levying local assessments" "on themselves" to help pay off the loan. It is unclear to me whether you refer to a voter-approved increase in the property tax millage in these districts, which would then be dedicated to payment of the loan, or to the dedication of an existing millage levy to this purpose, or to some other "assessment" mechanism. In any event, however, the relevant statutes do not appear to invest education service cooperatives or school districts with the authority you describe.
Education service cooperatives are authorized and governed by A.C.A. §§6-13-1001 to -1025 (Repl. 1999). Such cooperatives are "intermediate service units in the state's elementary and secondary education system and as such shall be eligible to receive and expend funds from state and federal governments, school districts, and other public or private sources." A.C.A. § 6-13-1002(a). The cooperatives are governed by a "board of directors" which is empowered to, among other things and "consistent with funds available" "rent, leas[e], or receiv[e] by gift such facilities and buildings as may be required to provide authorized programs and services. . . ." A.C.A. § 6-13-1006(d)(9). Significantly, the construction or purchase of buildings is not mentioned.
Section 6-13-1019 addresses the funding of cooperatives. It provides that "[t]he state shall provide funds to support the basic structure of the education service cooperatives. A.C.A. § 6-13-1019(a) and (b). The "basic structure" supplied by state funds includes funds for "utilities, rent,
equipment and supplies. . . ." A.C.A. § 6-13-1019(b)(2). (Emphasis added.) Subsection (c) of this same statute provides that: "School districts may contract with their education service cooperative forservices and part-time personnel to be supported in whole or in part by local funds, but no school district shall be assessed a membership fee." A.C.A. § 6-13-1019(c). (Emphasis added.)
Such cooperatives are specifically authorized to borrow moneys in the State Board of Education's "Revolving Loan Fund." A.C.A. § 6-20-818
(Repl. 1999). Such loans, however, must be repaid within six years from the date of approval. A.C.A. § 6-20-819(e).
I cannot conclude, based upon the foregoing recitation of law, that an education service cooperative has the authority to enter into a long-term loan with the FHA to construct a building.
Although the issue is somewhat unclear, education service cooperatives may not be limited by the same fiscal strictures applicable to school districts (see e.g., A.C.A. § 6-20-402 and Ozarks Unlimited ResourcesCooperative, Inc. v. Daniels, 333 Ark. 214, 969 S.W.2d 169 (1998)). They are, however, limited to the exercise of powers invested in them by the legislature. I cannot conclude, reading the applicable subchapter as a whole, that such cooperatives are invested with the power you describe.
Additionally, the school districts are subject to the prohibition against paying a membership fee to a cooperative as described above in A.C.A. §6-13-1019(c). You do not state that the participating school districts will pay a "membership fee," but in my opinion a pro-rata school district contribution to the cooperative to pay for the building you describe may violate at least the spirit of this prohibition.
School districts are also constitutionally prohibited from expending local tax levies for any other purpose or for any other district than that for which the tax is levied. See Arkansas Constitution, art. 14, §3. In my opinion the constitutional prohibition may be an obstacle to a local school district dedicating a portion of school district millage to pay for a building which will serve multiple districts and which may be located outside the boundaries of the district.
For all the foregoing reasons, it is my opinion that an education service cooperative in all likelihood lacks the power you describe.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh